Wall & Ewing, for plaintiff.

Mr. McIlvaine and Richard Stockton, for defendant.

THE COURT overruled the motion. The practice of amending declarations in eject-ment by introducing new titles, would be highly inconvenient, and is altogether unnec-essary; as distinct ejectments may be brought to try them. None of the cases cited are as strong as the present, and the court feels no disposition to encourage motions of this sort, particularly after the cause is at issue. Besides, this kind of action is institut-ed not by writ, but by service of the declara-tion on the tenant in possession, from which alone he is informed of the subject in con-troversy, and which he is to prepare himself to combat. In the instructions given to the counsel by the governor, he professes to act under the act of assembly; but it is perfectly clear that this case is not embraced by the act, as the jurisdiction of New Jersey can in no respect be involved in this action, or be affected by the decision either way. For whether the plaintiff or defendant prevails, the judgment can only affect the right to the soil, which is not claimed by New Jersey. The right of jurisdiction can only be settled by a suit between the two states. The amendment, in respect to the demise by the state of New Jersey, would be to make that state a party plaintiff in the cause, and the circuit courts of the United States have not jurisdiction in cases between a state and its own citizens, or citizens of other states; the judiciary law not having extended the juris-diction to such cases. Motion overruled.

## Case No. 5,189.
### GALE v. BEHLIN.

## Case No. 5,190.
### GALE v. NORRIS et al.

[2 McLean, 469.] [1]

Circuit Court, D. Illinois. June Term, 1841.

Cowles & Krum, for plaintiff.

Mr. Strong, for defendants.

OPINION OF THE COURT. This is a motion for a new trial [in the suit of Gale against Norris and Burr], and it turns upon exceptions taken to a deposition at the last term, which was then, on the trial of this case, admitted in evidence. The motion was continued from that term. The deposition was introduced to prove a book account of the plaintiff, who resides at New Orleans, where the transactions, which led to this suit, were had, and where the books of the plaintiff now are. The witness states that he was clerk in the commission house of the plaintiff, at New Orleans; that he has examined the accounts on the book, and the items copied by him, and particularly des-ignated, are correct. They are items ad-vanced by the plaintiff to fit out a vessel, &c., and of which he had personal knowledge. There are some other items charged in gross, to wit: one for $361, and others, amounting to $700, which were entered by the book-keeper, who is now deceased. Of these items the witness has no personal knowledge. They are such articles as are usually fur-

[1] [Reported by Hon. John McLean, Circuit Justice.]